Eollett, J.
Are Tice and Taylor liable on this bond for the $2,503.11 and interest due from Northrop to his ward ? The amount due is not disputed. It is admitted to be a part of the proceeds of real estate sold by order of court; but from which sale the guardian obtained this amount due, we are not told. These sureties do say, that there came into Northrop’s hands, as guardian, on August 17, 1876, the sum of $8,500 in cash. This was from the last sale of land. He may have received thereafter some small sums of money for rent.
This bond was given October 13, 1877, and after the property bad been changed from realty to personalty. There is no statute of Ohio that requires such proceeds to be regarded as realty for any purpose.
In ease of sale by an executor or an administrator to pay debts, section 6171 of Revised Statutes requires “ the surplus of the proceeds of the sale remaining on the final settlement of the account, shall be considered as real estate, and shall be disposed of accordingly.” And though this surplus goes to the heirs in the line that real estate would go, such proceeds are personalty and are held as personalty by the heir and as such pass from such heir. See Pence v. Pence, 11 Ohio St. 290, and Oxenden v. Lord Compton, 2 Vesey, Jr. 69.
On his final settlement, Northrop must have had “ in his hands ” at least the $7,365.28, which the'sureties admit he paid to his successor. And'as this payment was made on the entire amount due, it may be applied, in the interests of the beneficiary, to. the payment of any amount not in his hands at settlement. So this residue sued for was received by Northrop in cash,, and so remained in his hands on giving this bond and an his settlement. Sureties are held by the terms of the bond.
*183 These sureties bound themselves in the sum of $8,000, with the condition : “Now if the said A. B. Northrop shall faithfully discharge all of his duties as such guardian as is required by law, then the above obligation to be void; otherwise to remain in full force.”
Among other things it “ is required by law” (sections 6269, 6304 of the Revised Statutes) of the guardian that: “At the expiration of his trust, fully to account for and pay over to the proper person all of the estate of his ward remaining in his hands.” This language is very comprehensive, and includes whatever may be a part of an estate, whether derived from personalty or realty. Whatever is the nature or source of any part of the estate, the guardian is not required to keep separate accounts, but he is required to render “ an account of the receipts and expenditures of such guardian; ”• one account of all receipts and all paid out.
We have been referred to the decisions of courts in other states; but their laws and decisions can not control our statutes. In some states, as in Massachusetts, the statutes have been changed so as to require in a guardian’s general bond the specific condition, “ to render an account of the proceeds of all real estate sold by him for investment, and at the expiration of his trust pay the same over,” etc. The bond in this case includes all such proceeds.
There is no question before us that involves the extent of the liability secured by each special bond, or what, if any security, such special bonds afford the ward or the general bondsman.
And this case does not involve the proceeds of land sold after the general bond was given.
The ward or the present guardian can not know the amount due until the former guardian has settled his accounts.
This court has held, in Newton v. Hammond, 38 Ohio St. 430: “A right of action on a guardian’s bond to recover from the sureties the amount remaining in the hands of the guardian, first accrues to the ward when such amount is as *184 certained by tbe probate court on tbe settlement of the guardian’s final account.”
The plaintiff delayed suit until the amount due was so ascertained. There is no claim that any oue asked that other bondsmen should be made parties to the suit.
Tice and Taylor are liable on this bond to the plaintiff for the amount unpaid. The court erred in overruling plaintiff’s demurrer to the first defense in the answer of Taylor, and the demurrer to the first and second defenses in the answer of Tice.
Judgment reversed and cause remanded, with instructions to sustain the demurrers, and for further proceedings.